381 F.Supp.2d 1378 (2005)
IN RE SUMATRIPTAN SUCCINATE PATENT LITIGATION
Glaxo Group, Ltd. v. Spectrum Pharmaceuticals, Inc., D. Delaware, C.A. No. 1:05-99
Glaxo Group, Ltd. v. Dr. Reddy's Laboratories, Ltd., et al., S.D. New York, C.A. No. 1:03-10260
Glaxo Group, Ltd. v. Cobalt Pharmaceuticals, Inc., S.D. New York, C.A. No. 1:04-9886
No. 1701.
Judicial Panel on Multidistrict Litigation.
August 9, 2005.
Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

ORDER DENYING TRANSFER
WM. TERRELL HODGES, Chairman.
This litigation consists of two now consolidated Southern District of New York actions and one District of Delaware action. Each MDL-1701 action is brought by patent owner Glaxo Group Ltd. (Glaxo) for infringement of a Glaxo patent that claims sumatriptan succinate, the active ingredient in Glaxo's Imitrex(R) products, which are prescribed for treatment of migraine. Plaintiff Glaxo moves for centralization of these actions, pursuant to 28 U.S.C. § 1407, in the Southern District of New York. Responses in opposition to transfer have been filed by i) the two affiliated defendants in the first filed New York action, Dr. Reddy's Laboratories, Inc., and Dr. Reddy's Laboratories, Ltd., and ii) the defendant in the Delaware action, Spectrum Pharmaceuticals, Inc.
On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation, which essentially involves only two actions pending in two districts. Movant has failed to persuade us that any common questions of fact and law are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in this docket in which the consolidated *1379 New York action has been pending for almost two years. Alternatives to transfer exist that can minimize whatever remaining possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978). See also Manual for Complex Litigation, Fourth, § 20.14 (2004).
IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.
NOTES
[*] Judge Motz took no part in the decision of this matter.